**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL W. OGIN, | No. 12-17232 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05077-MEJ |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted June 8, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges, and RAKOFF,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jed S. Rakoff, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

**1.** The Administrative Law Judge (ALJ) offered specific and legitimate reasons to discount Dr. Krall-Catron's opinions. Those opinions were expressed as "standardized, check-the-box form[s]" that provided no "supporting reasoning or clinical findings." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *accord Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The forms expressly note that they contain only "summary conclusions," and invite doctors to provide "any other assessment information you deem appropriate." Although Dr. Krall-Catron provided a short letter with one of these forms, that letter neither clarified nor specified her reasons for checking the various boxes she did. The ALJ did not have a duty to request more information from Dr. Krall-Catron. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Ogin and his counsel had multiple opportunities to meet their burden of proof by supplying the underlying treatment records supporting Dr. Krall-Catron's opinion, but failed to do so.

**2.** The ALJ did not, however, provide the requisite specific and legitimate reasons, supported by substantial evidence, to justify her decision to give Dr. Hawkins' opinions "little weight." The ALJ discounted Dr. Hawkins' opinions primarily because Ogin did not fully cooperate during Dr. Hawkins' examination.

The two cases cited by the Commissioner to support the proposition that a claimant's lackluster effort can render an examining doctor's opinion invalid are not on point. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Tonapetyan*, 242 F.3d at 1148. This court concluded in *Thomas* and *Tonapetyan* that the claimant's lackluster effort provided substantial evidence to support a finding that the *claimant* was not credible. *Thomas*, 278 F.3d at 959; *Tonapetyan*, 242 F.3d at 1148. Ogin's lackluster effort would be a legitimate reason to discount Ogin's credibility, but it is not a legitimate reason to discount Dr. Hawkins' conclusions, given that Dr. Hawkins expressly took into account Ogin's lack of cooperation in formulating his conclusions.

The ALJ also stated, as an additional basis for rejecting Dr. Hawkins' opinions, that Dr. Hawkins' findings "do not match the contemporary findings found in the claimant's treating records." However, the ALJ never specified which findings in which treating records she was relying on. We are therefore unable to conclude that the ALJ has offered "specific" and "legitimate" reasons supported by substantial evidence for rejecting the opinions of Dr. Hawkins. *See Batson*, 359 F.3d at 1195.

Accordingly, we reverse the district court's judgment with instructions to remand to the ALJ on an open record for further proceedings consistent with this memorandum.

**REVERSED and REMANDED.**